[Crim. No. 3158. In Bank.—November 26, 1928.]

THE PEOPLE, Respondent, v. SAMUEL THOMAS, Appellant.

Jay Maurice, Henry Meadows and Frank Larche for Appellant.

U. S. Webb, Attorney-General, for Respondent.

SHENK, J.—The defendant was charged with the murder of Rose Lewis on April 29, 1928, in the county of Alameda. The jury found him guilty as charged and fixed the extreme penalty. He appeals from the judgment and from an order denying his motion for a new trial. The case is submitted for decision on the transcript alone.

On and prior to the day of the homicide the deceased was residing at the home of a Mrs. Quintero on Fifth Street, between Center and Chester Streets, in the city of Oakland. Two doors removed from the Quintero home Hazel Taylor and Ruby Kelly resided. The defendant entertained some animosity toward Ruby Kelly, the cause for which is not disclosed by the evidence. He also knew Hazel Taylor. About 8 o'clock on the evening of April 29, 1928, the deceased and Ruby Kelly were standing on the front porch of the house occupied by Mrs. Kelly. The defendant approached them and inquired concerning the whereabouts of Hazel Taylor. Mrs. Kelly replied that Hazel Taylor had gone out with a young man living next door. The defendant then walked to the corner of Fifth and Center Streets and the deceased started to her home. Mrs. Kelly warned the deceased not to go home at that time, because she believed that the defendant by his actions meant trouble, and invited the deceased into her house. The deceased said, "No, I am going home," and she proceeded to do so. Ruby Kelly then went into her own home, locked the door and peered out of her front window, which was only a few feet from the front sidewalk. She saw the deceased walking on the sidewalk toward her own home. She then saw the defendant, walking at a fast pace, approach the deceased from behind, and heard him address the latter with a vile epithet, saying, "I am going to kill you." He then violently assaulted the deceased, striking her to the ground three times and kicking her body. She also heard the deceased say, "Oh, I am not the girl." Another eye-witness heard the defendant say to the deceased, " —— don't look back and don't say a word," and heard the deceased reply, "I am not the woman you want. The woman is in the house, downstairs." Death ensued a short time after the assault. A post-mortem examination

disclosed that the deceased had been stabbed with a sharp instrument which penetrated the heart.

The record shows without contradiction that the defendant was actuated by deliberate and premeditated malice, and was bent upon killing. He did not testify or offer any evidence in his own behalf, and has advanced no explanation or excuse for his heinous offense. Under these circumstances the law presumes a guilty intent (Code Civ. Proc., sec. 1962, subd. 1). The defendant was fairly tried and convicted under full and appropriate instructions of the court. No error appears in the record.

The judgment and order are affirmed.

Richards, J., Seawell, J., Preston, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.